

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
Boston Regional Office
33 Arch St., 24th Floor
Boston, MA 02110-1424
Telecopier: (617) 573-4590

**DIVISION OF ENFORCEMENT**

Rua M. Kelly
Senior Trial Counsel
(617) 573-8941

August 29, 2019

**VIA ECF FILING AND EMAIL**

The Honorable Stefan R. Underhill
United States District Judge
United States District Courthouse
915 Lafayette Blvd.
Bridgeport, CT 06604

    Re:    *SEC v. Temenos et al.,* 18-cv-01180-SRU

Dear Judge Underhill:

    Consistent with the practices of this Court, the Commission has requested a status conference to resolve a discovery dispute. Specifically, the Commission is seeking an order limiting the deposition of an employee of Company A[1] (the "Company A Employee") to two hours, exclusive of breaks, with one hour allocated to each side. The Commission has requested the time limits in light of the Company A Employee's serious health issues. The Commission has met and conferred with defense counsel, and while counsel is amenable to a two-hour deposition, counsel will not agree to forego additional testimony, and seeks to reserve his right to depose the Company A Employee on a future date if necessary for purposes of his defense.

    Since the parties are at an impasse, the Commission has requested a conference with Your Honor, and is submitting this letter-brief in advance of today's conference, in order to assist the Court in resolving the parties' discovery dispute.

---

[1] In order to protect his privacy, the Commission is omitting the Company A Employee's name from this letter.

The Honorable Stefan R. Underhill
August 29, 2019
Page 2

## BACKGROUND

Company A, referenced as "Company A" in the Commission's Complaint, is a private company headquartered in Wallingford, Connecticut. Company A is in the business of developing and selling emergency response communications technology. From 2014 to 2018, Company A engaged Defendants Temenos and Taylor for the purpose of soliciting investments in the company, and paid Taylor on a commission basis.

On July 1, 2019, the Commission met and conferred with defense counsel for Taylor and Temenos. The Commission advised defense counsel that they intended to serve a subpoena on Company A for all communications between the Company A Employee and Temenos, and to serve a document request on Taylor for communications, including emails exchanged between the Company A Employee's AOL address and Taylor. At that time, the Commission advised Taylor's counsel that the Company A Employee had a serious medical condition (cancer) and inquired as to whether it would be a component of Taylor's defense that statements in the Complaint alleged to be misrepresentations were attributable to the Company A Employee. Taylor's counsel confirmed that it would be part of Taylor's defense that certain statements made to Temenos investors about Company A came from the Company A Employee, and further, that such statements were made to Taylor verbally, not through written communications.

On August 26, 2019, the parties met and conferred on the Commission's proposal to limit the Company A Employee's deposition to two hours, with one hour for each side. Counsel for Temenos and Taylor advised that while they were not opposed to a two-hour deposition, they would not agree to forego future deposition testimony; in other words, counsel sought to reserve the right to continue the deposition beyond the two hours should it be deemed necessary for the defense. In addition, defense counsel stated that they would not agree to time limitations absent a request from the Company A Employee's counsel, as opposed to the Commission.

The Honorable Stefan R. Underhill
August 29, 2019
Page 3

On August 28, 2019, the Commission noticed the deposition of the Company A Employee, with a tentative date of October 4, 2019. The Commission conferred with Company A's counsel in advance, to confirm that the Company A Employee is still physically able to be deposed for a two-hour period. Counsel has advised the Commission that the Company A Employee – although able to be deposed -- will need to take breaks every 20 minutes, because of his illness, and the related risk of seizures. To further reduce the burden, the Commission has further offered to conduct the deposition near the Company A Employee's home, if feasible.

## APPLICABLE LEGAL STANDARD

Pursuant to Rule 45(c)(1), "**[a] party … responsible for issuing and serving a subpoena** must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena[.]" *Dow Chemical Co. v. Reinhard*, No. M8-85, 2008 WL 1968302, at \*1 (S.D.N.Y. April 29, 2008) (**emphasis added**). Consistent with its obligations under Rule 45, the Commission reached out to counsel for Temenos and Taylor as well as counsel for the Company A Employee, and has proposed a two-hour limit for the Company A Employee's deposition. The Commission submits that the proposed time limit is reasonable, both because of the limited scope of the Company A Employee's expected testimony and his physical condition.

This Court has broad discretion under Federal Rule of Procedure 26(c) to issue a protective order, with good cause, to prevent "annoyance, embarrassment, oppression, or undue burden or expense" to any person from whom discovery is sought. Fed. R. Civ. P. 26(c); *see, e.g., Ashkenazi v. Lincoln Nat'l Life Ins. Co.*, No. 08 CV 3235 (ENV), 2010 WL 11623469 (E.D.N.Y., Aug. 27, 2010) (imposing one-hour time limit on deposition of 87-year old non-party witness in poor health); *Bryant v. Milhorat*, No. 09 CV 1751 (AKT), 2011 WL 13305291 (E.D.N.Y., Aug. 22, 2011) (imposing 40-minute time limit on deposition of eight-year old child alleged to have been injured by Defendants' medical treatment). While the Commission has not

The Honorable Stefan R. Underhill
August 29, 2019
Page 4

yet sought to obtain evidence of the Company A Employee's diagnosis, the Commission has been in contact with Company A's counsel over a period of months, and there is no reason to doubt counsel's good faith representations.[2]  In light of those representations, the Commission submits that it would be an undue burden to require the Company A Employee to spend more than a half-day providing sworn testimony, given the seriousness of his illness.  Moreover, the scope of the Company A Employee's testimony is likely to be limited.  While the Commission's review of the recently-produced documents is ongoing, the Commission's investigation prior to filing the Complaint did not reveal any evidence that Taylor's misrepresentations to investors about Company A (as set forth in the Complaint) were based on communications with the Company A Employee, nor has Taylor pointed to any evidence to substantiate this defense.

Defense counsel has questioned the necessity of deposing the Company A Employee.  The Commission does not see a viable alternative to deposing the Company A Employee, since Taylor and Temenos have explicitly represented that the alleged misrepresentations made by Taylor came from the Company A Employee himself, and counsel has advised that the purported communications between Taylor and the Company A Employee will be a component of Taylor and Temenos' defense at trial.  In addition, the Commission has been advised that the Company A Employee and Taylor had a social relationship (in addition to their professional relationship through Company A), and may have had communications outside of their business dealings.  Accordingly, while the Commission intends to notice a Rule 30(b)(6) notice for Company A, a Company A corporate representative would not have firsthand knowledge of communications between the Company A Employee and Taylor outside of work.

---

[2] During the August 26 meet and confer, defense counsel stated that the Company A Employee had been ill for many years, and inferred that he was not as debilitated as the Commission suggested.  To the extent the Court requires documentation of Company A Employee's medical condition, or seeks to inquire further with his counsel, the Commission is willing to obtain whatever information the court requires to resolve this discovery dispute.

The Honorable Stefan R. Underhill
August 29, 2019
Page 5

For these reasons, the Commission submits that a limited deposition of the Company A Employee will be necessary to test the claims and defenses of the parties. The Commission seeks resolution of this dispute notwithstanding counsel's pending motion to withdraw, in light of the Company A Employee's acute health issues and the need to proceed expeditiously.

Sincerely,

Rua M. Kelly
Senior Trial Counsel
U.S. Securities and Exchange Commission

## Certificate of Service

I, Rua M. Kelly, hereby certify that on August 29, 2019, a true and correct copy of the forgoing document was served by electronic filing and email upon counsel for all defendants.

Dated:  August 29, 2019                                     /s/ Rua M. Kelly